1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
WILLIAM L. BENNETT, *et al.*,                )
                                                          )          No. C13-1354RSL
                              Plaintiffs,          )
        v.                                               )
                                                          )          ORDER GRANTING IN PART
CHICAGO TITLE INSURANCE CO., *et al.*,   )      DEFENDANTS' MOTIONS TO
                                                          )          DISMISS AND DECLINING TO
                                                          )          EXERCISE SUPPLEMENTAL
                              Defendants.        )          JURISDICTION
_____)

        This matter comes before the Court on defendants' motions to dismiss. Dkt. # 9,

# 14, and # 15. Plaintiffs filed this action in Whatcom County Superior Court asserting state law

claims arising out of defendants' efforts to foreclose on plaintiffs' home. Plaintiffs subsequently

amended their complaint to add federal causes of action, at which point defendants Select

Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., and U.S. Bank

National Association removed the matter to federal court. All of the defendants have now filed

motions to dismiss under Fed. R. Civ. P. 12(b)(6). In response, plaintiffs have apparently

abandoned their federal claims: no argument or legal authority is provided in support of their

Truth in Lending Act ("TILA") or Fair Debt Collections Procedure Act ("FDCPA") claims.

Plaintiffs seek a remand because all defendants did not consent to the removal and "[t]he mere

fact that a few Federal Codes were referenced and used in the amended complaint do[es] not

warrant removal to Federal Court." Dkt. # 19 at 14-15.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. Removal Jurisdiction**

Plaintiffs challenge the propriety of removal on both procedural and substantive grounds. Their arguments are considered below.

**1. Consent to Removal**

All defendants who have been properly served in the state court action "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The right to remove is held jointly by all the defendants. If any of them refuses their consent, the action must be remanded. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). Plaintiffs' lack of consent argument fails for two reasons. First, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Plaintiffs' motion was not filed until September 6, 2013, more than 30 days after the notice of removal was filed. Second, the Ninth Circuit has determined that a notice of removal "containing an averment of the other defendants' consent and signed by an attorney of record" under threat of sanctions pursuant to Fed. R. Civ. P. 11 is sufficient to satisfy the joinder and consent requirement of § 1446(b)(2)(A). Proctor v. Vishay Intertech., Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). Defendants' removal notice contained just such an averment and was therefore procedurally adequate. Dkt. # 1 at 3.

**2. Federal Question Removal**

A civil action that includes a claim "arising under the Constitution, laws, or

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS TO DISMISS AND DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION       -2-

treaties of the United States" may be removed to federal court.  28 U.S.C. § 1331 and

§ 1441(c)(1)(A).  Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331

must be determined by reference to the complaint.  Mere mention of a federal law is not "a

password opening federal courts to any state action embracing a point of federal law."  Grable &

Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Rather, federal law

must create the cause of action or plaintiff's right to relief must depend on the resolution of a

substantial question of federal law.  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 27-

28 (1983).  Plaintiffs allege that defendants violated TILA, federal regulations, and the FDCPA.

Because plaintiffs' right to relief under these claims necessarily depends on resolution of

questions of federal law, removal was proper.[2]

**B.  Abandonment and Dismissal of Federal Claims**

Defendants argue that plaintiffs' TILA claim is barred by the applicable statutes of

limitation and that plaintiffs have failed to allege facts sufficient to give rise to a plausible

inference that TILA or the FDCPA were violated.  Plaintiffs do not attempt to address the

shortcomings in their federal causes of action, instead focusing solely on how their factual

allegations present valid claims under state law.  In fact, plaintiffs maintain that their federal

claims are actually subsumed within Washington law and that the mere mention of federal

statutes should not deprive them of the state venue they chose.  Having reviewed the allegations

of the complaint and the papers submitted by the parties, the Court finds that plaintiffs' federal

claims fail as a matter of law and have been abandoned.  Those claims are therefore

DISMISSED.

**C.  Exercise of Supplemental Jurisdiction**

Where a case was properly removed to federal court but the claims over which the

federal court had original jurisdiction are abandoned or dismissed, the court "may decline to

---

[2] Plaintiffs' request for fees associated with bringing their motion for remand is DENIED.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS TO DISMISS AND DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION          -3-

exercise supplemental jurisdiction" over the related state law claims.  28 U.S.C. § 1367(c).  The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity."  <u>Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.</u>, 333 F.3d 923, 925 (9th Cir. 2003).  The further elucidation of the types of claims that may be pursued following a foreclosure sale, the effect of various types of misrepresentations in the assignments and property records related to the mortgage, and the prophylactic effect of a beneficiary declaration of the type generated in this case are all important issues that should be decided by the courts of Washington.  Although a slight delay will arise as a result of a remand, the Court finds that plaintiffs' choice of venue and interests of comity militate against the exercise of supplemental jurisdiction in this case.

For all of the foregoing reasons, defendants' motions to dismiss (Dkt. # 9, # 14, and # 15) are GRANTED in part.  Plaintiffs' federal causes of action are DISMISSED and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Plaintiffs' motion to remand (Dkt. # 19) is therefore GRANTED.  The Clerk of Court is directed to remand this matter to Whatcom County Superior Court.

Dated this 17th day of December, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS TO DISMISS AND DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION        -4-